1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    GREGORY REY,                          No.  2:12-cv-02078-MCE-GGH

12              Plaintiff,

13         v.                               **MEMORANDUM AND ORDER**

14    ONEWEST BANK, FSB, et al.,

15              Defendants.

16

17                                ----oo0oo----

18         Plaintiff Gregory Rey brought this action in state court seeking redress for a litany

19    of statutory and common law violations arising from the origination of his home mortgage

20    and subsequent foreclosure proceedings.  (Defs.' Notice of Removal, ECF No. 1, Ex. 3.)

21    Defendants thereafter removed the action to this Court on the basis of federal question

22    jurisdiction pursuant to 28 U.S.C. §1441(b).  (ECF No. 1.)  Subsequently, Plaintiff filed

23    his First Amended Complaint ("FAC").  (ECF No. 8.)  By its Order, dated January 8,

24    2013, the Court granted, with leave to amend, Defendants' Motion to Dismiss Plaintiff's

25    federal claims asserted in the FAC under Federal Rule of Civil Procedure[1] 12(b)(6) and

26    declined to exercise supplemental jurisdiction over Plaintiff's state-law claims.

27    _____

28         [1] All further references to Rules or Rule are to the Federal Rules of Civil Procedure, unless noted otherwise.

1

1   (ECF No. 29.)  On January 29, 2013, Plaintiff filed the operative Second Amended

2   Complaint ("SAC") asserting a single cause of action for violation of the Real Estate

3   Settlement Procedures Act ("RESPA").  (ECF No. 30.)  Currently before the Court is a

4   Motion to Dismiss Plaintiff's SAC and a Motion to Expunge Notice of Pending Action

5   (Lis Pendens) filed by Defendants OneWest Bank, FSB ("OneWest") and Federal

6   National Mortgage Association (collectively "Defendants").  (ECF Nos. 31, 32.)  For the

7   reasons that follow, Defendants' Motion to Dismiss and Motion to Expunge Lis Pendens

8   are GRANTED. [2]

9

10                                        **BACKGROUND**[3]

11

12          In May 2006, Plaintiff obtained a Home Mortgage Loan ("Loan") from American

13  Mortgage Network, Inc., secured by a Deed of Trust in the amount of $373,104.00 for

14  Plaintiff's primary residence located in Escalon, California.  Defendant OneWest is the

15  current owner of Plaintiff's Loan, through Assignment recorded on June 21, 2010.  On

16  March 10, 2009, the then Trustee, Quality Loan Service Corporation ("Quality"), recorded

17  a Notice of Default on Plaintiff's Loan.  (Defendants' Request for Judicial Notice[4] ("RJN"),

18  ECF No. 33, Ex. F.)  At that point, the Loan was in default in the amount of $17,720.91.

19  (Id.)

20

21          [2] Because oral argument would not be of material assistance, the Court ordered this matter
    submitted on the briefing.  E.D. Cal. R. 230(g).

22
            [3] Unless otherwise noted, the following facts are taken from Plaintiff's SAC.  (ECF No. 30.)  Some
23  of the facts alleged in the SAC are not relevant to Plaintiff's single claim for relief under RESPA.  The
    Court limits its summary to those facts relevant to Plaintiff's RESPA claim.

24
            [4] Defendants have filed a request seeking judicial notice under Federal Rule of Evidence 201 of
25  several recorded documents related to Plaintiff's Loan and the foreclosure proceedings on Plaintiff's
    Property.  (ECF No. 33.)  Plaintiff has not objected to Defendants' request or challenged the authenticity or
26  accuracy of any of the attached documents.  The Court "may take judicial notice of 'matters of public
    record' without converting a motion to dismiss into a motion for summary judgment."  Lee v. City of L.A.,
27  250 F.3d 668, 689 (9th Cir. 2001).  The documents attached as exhibits to Defendants' RJN contain
    judicially noticeable public documents.  Because Plaintiff does not dispute the authenticity or accuracy of
28  the presented documents and the accuracy of the documents cannot reasonably be questioned,
    Defendant's RJN is GRANTED.

On June 29, 2009, Quality caused to be recorded a Notice of Trustee's Sale, reciting an unpaid balance of principal and other charges of $398,867.26.  (RJN Ex. I.)  After obtaining a loan modification, Plaintiff again defaulted on his Loan, and, on July 5, 2011, Quality caused to be recorded a second Notice of Default showing that Plaintiff was in default in the amount of $9,675.50.  (RJN Exs. K, N.)  On October 7, 2011, a Notice of Trustee's Sale was recorded, evidencing unpaid amount of $445,005.77.  (RJN Ex. O.)  On July 11, 2012, another Notice of Trustee's Sale was recorded, stating an updated unpaid balance on the Loan of $465,420.56.  (RJN Ex. Q.)

On March 6, 2012, Plaintiff sent OneWest a Qualified Written Request ("QWR"). Plaintiff's QWR stated that Plaintiff believed there were violations of RESPA and TILA in servicing of his Loan, and requested numerous documents and information from OneWest.  OneWest acknowledged the receipt of Plaintiff's correspondence by a letter dated March 16, 2012.  OneWest's response to Plaintiff stated that Plaintiff's letter did not constitute a QWR within the meaning of RESPA, and that OneWest was refusing to provide all the information and documentation requested by Plaintiff.  According to Plaintiff, OneWest's failure to provide the requisite documents and information caused Plaintiff to pay more than was necessary on the Loan, to incur costs in repairing his credit and caused Plaintiff's emotional distress.

**LEGAL STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted).

3

1  Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

2  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

3  'entitlement to relief' requires more than labels and conclusions, and a formulaic

4  recitation of the elements of a cause of action will not do." Id. at 555 (internal citations

5  and quotations omitted).  A plaintiff's factual allegations must be enough to raise a right

6  to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice

7  and Procedure § 1216, at 235-36 (3d ed. 2004) ("The pleading must contain something

8  more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

9  cognizable right of action")).

10      Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion

11  of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see

12  how a claimant could satisfy the requirements of providing not only 'fair notice' of the

13  nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at

14  555 n.3 (internal citations omitted).  A pleading must contain "only enough facts to state

15  a claim to relief that is plausible on its face." Id. at 570; see also Ashcroft v. Iqbal,

16  556 U.S. 662, 677-679 (2009).  If the "plaintiffs . . . have not nudged their claims across

17  the line from conceivable to plausible, their complaint must be dismissed." Twombly,

18  550 U.S. at 570; Iqbal, 556 U.S. at 680.

19      A court granting a motion to dismiss a complaint must then decide whether to

20  grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend

21  when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . .

22  undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the

23  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).  However, leave to

24  amend is generally denied when it is clear the deficiencies of the complaint cannot be

25  cured by amendment.

26  ///

27  ///

28  ///

4

1   DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v.

2   Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be

3   dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can

4   prove no set of facts in support of his claim which would entitle him to relief.") (internal

5   citations omitted).

6

7                       **ANALYSIS**

8

9      **A.**     **Plaintiff's RESPA claim against OneWest[5]**

10

11        In their Motion to Dismiss and supplemental memorandum requested by the

12   Court,[6] Defendants argue that Plaintiffs' RESPA claim fails because, inter alia: (1) the

13   letter Plaintiff sent to OneWest on March 6, 2012 was not a valid QWR, (ECF No. 31 at

14   14-15), and (2) Plaintiff failed to allege actual damages and a causal connection to state

15   a viable RESPA claim, (ECF No. 41, at 2-5).

16        Under RESPA, servicers of federally related mortgage loans are required to abide

17   by certain disclosure obligations. See 12 U.S.C. § 2605. Among these obligations is the

18   servicer's duty to respond, within statutory periods, to a QWR "for information relating to

19   the servicing of [the] loan" submitted by a borrower. See 12 U.S.C. § 2605(e). RESPA

20   defines a "servicer" as "the person responsible for servicing of a loan," and "servicing"

21   refers to "receiving any scheduled periodic payments from a borrower pursuant to the

22   terms of any loan." 12 U.S.C. § 2605(i)(2)-(3).

23   ///

24   ――――――――――――――

25       [5] Plaintiff's SAC also names IndyMac Bank, FSB, Federal National Mortgage Association and Quality Loan Service Corporation as defendants but does not state any claims for relief against those entities.

26       [6] On April 4, 2013, the Court ordered Defendants to file a supplemental memorandum addressing whether the SAC sufficiently alleges actual damages and a causal connection to state a viable RESPA

27   claim. (ECF No. 40.) Defendants complied with the Court's order by filing their supplemental memorandum on April 11, 2013. (ECF No. 41.) On April 18, 2013, Plaintiff filed his response to

28   Defendants' supplemental memorandum. (ECF No. 42.)

1   RESPA defines a QWR as (1) a written correspondence, (2) that identifies the name and

2   account of the borrower, and (3) states the reasons why the borrower believes the

3   account is in error or provides sufficient detail to the servicer regarding other information

4   sought by the borrower.  12 U.S.C. § 2605(e)(1)(B).  With respect to the last

5   requirement, the Ninth Circuit recently clarified that RESPA does not require a QWR to

6   include any "magic" words: "[a]ny reasonably stated written request for account

7   information can be a qualified written request."  Medrano v. Flagstar Bank, FSB, 704

8   F.3d 661, 666 (9th Cir. 2012) (quoting Catalan v. GMAC Mortgage Corp., 629 F.3d 676,

9   687 (7th Cir.2011)).  Accordingly, "any request for information made with sufficient detail

10  is enough under RESPA to be a qualified written request and thus to trigger the

11  servicer's obligations to respond."  Id.

12          The letter,[7] which Plaintiff sent to OneWest on March 6, 2012, includes Plaintiff's

13  name and account number and indicates that Plaintiff believed his account was in error

14  because he "suspect[ed] violations of the RESPA or of TILA in the processing of certain

15  fees associated with [his] Loan and Loan Documentation."  (ECF No. 1-4 at 51-52.)

16  Additionally, Plaintiff's March 6, 2012 letter contained twenty-four numbered requests for

17  information or documents.  (Id.)  Although some of Plaintiff's requests did not relate to

18  the servicing of his Loan, Plaintiff also sought information clearly related to servicing,

19  including calculation of interest, breakdown of charges accrued on the account, a copy

20  of all servicing agreements pertaining to his account, a statement indicating the amount

21  to pay the Loan off in full, etc.  (Id.)  Accordingly, although quite broad in its scope,

22  Plaintiff's March 6, 2012 letter to OneWest provided the servicer with "sufficient detail"

23  regarding information sought by the borrower.

24  ///

25  ///

26  ///

27  _____

28      [7] Although Plaintiff has not attached a copy of the alleged QWR to the operative SAC, it was
attached as Exhibit R to Plaintiff's original complaint filed in this action. (See ECF No. 1-4 at 51-52.)

1  See 12 U.S.C. § 2605(e)(1)(B); see also Manzano v. MetLife Bank N.A., 2011 WL

2  3420822, at *2 & n.3 (E.D. Cal. Aug. 3, 2011) (plaintiff's request constituted a QWR

3  notwithstanding plaintiff's failure to specify why she believed her account was in error

4  and despite the letter's inclusion of allegedly "extraneous" and "overly burdensome"

5  requests); Quintero Family Trust v. OneWest Bank, F.S.B., 2010 WL 2618729, at *9-10

6  (S.D. Cal. June 25, 2010) (plaintiffs' request constituted a QWR because it disputed the

7  amount due and requested information related to the servicing of plaintiffs' loan including

8  information relating to the payments received, breakdown of those payments, and the

9  interest rates charged).  Thus, construed in the light most favorable to Plaintiff, his letter

10  to OneWest was a QWR.

11       The above notwithstanding, the Court finds that Plaintiff's RESPA claim fails due

12  to Plaintiff's failure to plead actual harm resulting from OneWest's alleged conduct and a

13  causal connection between OneWest's failure to respond to the QWR and Plaintiff's

14  alleged damages.  In order to state a claim for a RESPA violation under 12 U.S.C.

15  § 2605, Plaintiff must adequately allege actual damages which flow from the servicer's

16  failure to respond to the QWR.[8]  See Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d

17  1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation

18  itself."); Torres v. Wells Fargo Home Mortg., Inc., 2011 WL 11506, at *8 (N.D. Cal.

19  Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged

20  damages and the RESPA violation.").

21  ///

22  ///

23  ///

24  ///

25

26       [8] RESPA also allows recovery of statutory damages if a plaintiff pleads and proves a "pattern or practice of a servicer's noncompliance with the statute.  12 U.S.C. § 2605(f)(1); see also Anokhin v. BAC
27  Home Loan Serv., LP., 2010 WL 3294367, at *3 (E.D. Cal. 2010).  However, statutory damages are not recoverable in the instant case because Plaintiff has alleged only one instance of OneWest's failure to
28  respond to Plaintiff's QWR, and thus has not established the requisite "pattern or practice" of statutory violations.

7

1    In his SAC, Plaintiff makes general allegations that OneWest's failure to respond

2    to the QWR "has caused Plaintiff to pay more than was necessary on the loan and to

3    incur costs in repairing his credit," "has resulted in additional interest and penalties," and

4    led to Plaintiff being "damaged in the amount of ongoing penalties, fees, and interest

5    charged by Defendants, including but not limited to a charge of 5% of any payment of

6    principal and interest . . ." (Compl. ¶¶ 34-36.)  Plaintiff further alleges that he "has been

7    damaged by emotional distress for Defendant's failure to respond to the QWR." (Compl.

8    ¶ 37.)  However, Plaintiff fails to allege any facts that would render it plausible that these

9    alleged damages occurred "as a result" of OneWest's failure to respond to Plaintiff's

10   QWR.  See 12 U.S.C. § 2605(f)(1)(A).  Indeed, as demonstrated by Plaintiff's prior

11   pleadings and the recorded documents of which the Court took judicial notice, Plaintiff

12   sent the QWR more than three years after defaulting on his Loan, more than a year after

13   defaulting on the Loan modification, and after at least three Notices of Default and

14   Notices of Sale had been recorded with respect to Plaintiff's Loan.  (See RJN Exs. F-Q.)

15   Accordingly, by the time Plaintiff sent his QWR, he had already sustained the charges

16   and the negative credit reporting, which Plaintiff now claims were caused by OneWest's

17   failure to respond to the QWR.  See, e.g., Tamburri v. SunTrust Mortgage Co.,

18   875 F. Supp. 2d 1009, 1015 (N.D. Cal. 2012) (dismissing plaintiff's RESPA claim

19   because plaintiff did not allege "harm that derives from any failure to respond to the

20   QWRs, rather than from her own default or from disputes over the loan's ownership or

21   validity"); Orozco v. Experian Information Solutions, 2012 WL 6720556, at *4 (E.D. Cal.

22   Dec. 26, 2012) ("[W]ithout more, allegations of fees assessed, negative credit reporting,

23   and emotional distress are insufficient to state a claim for failure to respond to a QWR

24   under RESPA.") (citation omitted); Brothers v. Bank of America, N.A., 2012 WL

25   4471590, at *3 (N.D. Cal. Sept. 26, 2012) (dismissing a RESPA claim where the alleged

26   damages did "not flow from any lack of response to the QWR," but were "a result of

27   Plaintiff's failure to make loan payments").

28   ///

1   Plaintiff's failure to plead causation is "fatal" to his RESPA claim under 12 U.S.C.

2   § 2605(e)(2). <u>Urbano v. Bank of America, N.A.</u>, 2013 WL 359655, at *7 (E.D. Cal.

3   Jan. 29, 2013).

4            Finally, to the extent the SAC alleges that OneWest violated 12 U.S.C.

5   § 2605(e)(3)[9] by providing information to consumer reporting agencies during the 60-day

6   statutory period, the Court finds that this claim also fails for Plaintiff's failure to allege a

7   causal connection between OneWest's conduct and Plaintiff's alleged damages.

8   Additionally, Plaintiff's allegation here is wholly conclusory in that it "fails to describe

9   when and to whom Defendants allegedly provided the information.  <u>Long v. Bank of</u>

10  <u>America, N.A.</u>, 2013 WL 1326550, at *4 (E.D. Cal. Mar. 29, 2013); <u>see</u> also <u>Urbano v.</u>

11  <u>Bank of America, N.A.</u>, 2012 WL 2934154, at *11 (E.D. Cal. July 18, 2012) (finding that

12  plaintiff failed to state a viable claim based on Section 2605(e)(3) where he alleged "no

13  facts with respect to this violation, such as when the reporting occurred, to which

14  agencies the reporting was made, or whether information regarding an overdue payment

15  was included in such a report").

16           In sum, the Court finds that Plaintiff again failed to state a viable RESPA claim.

17  Because Plaintiff was granted ample opportunity to comply with the pleading

18  requirements under Rule 12(b)(6) but has failed to do so, the Court finds that any further

19  leave to amend would be futile and accordingly dismisses Plaintiff's RESPA claim

20  without leave to amend.

21

22           **B.      Claims Previously Dismissed with Leave to Amend**

23

24           Plaintiff's FAC, which the Court dismissed with leave to amend by its January 8,

25  2013 Order, contained several federal and state claims for relief, which Plaintiff has

26  chosen not to include into his operative SAC.

27           ⁹ Section 2605(e)(3) provides that a servicer must refrain from providing information regarding
    overdue loan payments to the consumer reporting agencies during the 60–day period from receiving a
28  borrower's QWR.  12 U.S.C. § 2605(e)(3).

1  In its prior Order, the Court specifically admonished Plaintiff that his failure to amend

2  claims asserted in the FAC would result in dismissal of those claims with prejudice.

3  (ECF No. 29 at 12.)  As noted above, Plaintiff's SAC contains a single claim for relief for

4  violation of RESPA against OneWest and contains no claims or allegations against any

5  other defendant.  Accordingly, the Court hereby dismisses with without leave to amend

6  all of the remaining claims, on which Plaintiff was previously granted leave to amend.

7

8  **C.      Defendants' Motion to Expunge Lis Pendens**

9

10      In addition to filing a motion to dismiss, Defendants have also moved to expunge

11  the lis pendens recorded by Plaintiff.  (ECF No. 32.)  "A lis pendens is a recorded

12  document giving constructive notice that an action has been filed affecting right or title to

13  possession of the real property described in the notice."  Park 100 Inv. Group II v. Ryan,

14  180 Cal. App. 4th 795, 807 (2010) (citation omitted).  "Once a lis pendens is filed, it

15  clouds the title and effectively prevents the property's transfer until the litigation is

16  resolved or the lis pendens is expunged."  BGJ Assocs., LLS v. Superior Court,

17  75 Cal. App. 4th 952, 967 (1999).  A court should expunge a lis pendens if it determines

18  that "the pleading on which the notice is based does not contain a real property claim,"

19  or if a real property claim "as pled lacks evidentiary merit."  Park 1000 Inv. Group II,

20  180 Cal. App. 4th at 808.

21      Since Plaintiff's SAC is dismissed without leave to amend, Plaintiff can no longer

22  maintain any claim affecting right or title to possession of the real property described in

23  the notice of lis pendens.  Accordingly, the Court expunges lis pendens recorded against

24  Plaintiff's property.  See Cal. Civ. Proc. Code §§ 405.31, 405.32.

25      Defendants also request an award of attorney's fees and costs incurred in filing

26  their Motion to Expunge Lis Pendens pursuant to California Code of Civil Procedure

27  § 405.38.[10]  (ECF No. 32 at 10.)

28      _____
[10] California Code of Civil Procedure § 405.38 provides: "The court shall direct that the party

1    The Court denies Defendants' request for attorney's fees as the Court finds Plaintiff

2    acted with substantial justification in recording the lis pendens considering the claims

3    asserted in his pleadings.

4

5                                    **CONCLUSION**

6

7          As a matter of law and for the reasons set forth above:

8          1.     Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint

9    (ECF No. 31) is GRANTED, without leave to amend.

10         2.     Defendants' Motion to Expunge Lis Pendens (ECF No. 32) is GRANTED.

11   The lis pendens recorded on June 13, 2012, against the real property located at 1980

12   Judith Court, Escalon, California 95320, is hereby EXPUNGED.

13         3.     Defendants' request for attorney's fees and costs is DENIED.

14         4.     The Clerk of the Court is directed to close this case.

15         IT IS SO ORDERED.

16   DATED:   April 25, 2013

17

18                                     _____
                                       MORRISON C. ENGLAND, JR., CHIEF JUDGE
19                                     UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27   prevailing on [a motion to expunge lis pendens] be awarded reasonable attorneys' fees and costs of
     making or opposing the motion unless the court finds that the other party acted with substantial justification
28   or that other circumstances make the imposition of attorneys' fees and costs unjust."